# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEWIS D. BAKER, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| ACTIVISION BLIZZARD, INC., REVETA | : **SECURITIES EXCHANGE ACT OF 1934** |
| BOWERS, ROBERT CORTI, HENDRIK | : |
| HARTONG III, BRIAN KELLY, BOBBY | : |
| KOTICK, BARRY MEYER, ROBERT | : |
| MORGADO, PETER NOLAN, DAWN | : |
| OSTROFF, and CASEY WASSERMAN, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On January 18, 2022 Activision Blizzard, Inc. ("Activision" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") to be acquired by Microsoft Corporation ("Microsoft") and Anchorage Merger Sub Inc. ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Activision's stockholders will receive $95.00 in cash per share.

3. On February 18, 2022, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Activision common stock.

9. Defendant Activision is a Delaware corporation. Activision's common stock is traded on the NASDAQ under the ticker symbol "ATVI."

10. Defendant J. Brian Kelly is Chairman of the Board of Directors of Activision (the "Board").

11. Defendant Reveta Bowers is a member of the Board.

12. Defendant Robert Corti is a member of the Board.

13. Defendant Hendrick Hartong III is a member of the Board.

14. Defendant Bobby Kotick is Chief Executive Officer and a member of the Board.

15. Defendant Barry Meyer is a member of the Board.

16. Defendant Robert Morgado is a member of the Board.

17. Defendant Peter Nolan is a member of the Board.

18. Defendant Dawn Ostroff is a member of the Board.

19. Defendant Casey Wasserman is a member of the Board.

20. Defendants identified in ¶¶ 10-19 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

21. Activision is a leading global developer and publisher of interactive entertainment content and services.

22. The Company develops and distributes content and services on video game consoles, personal computers, and mobile devices.

23. On January 18, 2022, Activision entered into the Merger Agreement.

24. The press release announcing the Proposed Merger provides as follows:

With three billion people actively playing games today, and fueled by a new generation steeped in the joys of interactive entertainment, gaming is now the largest and fastest-growing form of entertainment. Today, Microsoft Corp. (Nasdaq: MSFT) announced plans to acquire Activision Blizzard Inc. (Nasdaq: ATVI), a leader in game development and interactive entertainment content publisher. This acquisition will accelerate the growth in Microsoft's gaming business across mobile, PC, console and cloud and will provide building blocks for the metaverse.

Microsoft will acquire Activision Blizzard for $95.00 per share, in an all-cash transaction valued at $68.7 billion, inclusive of Activision Blizzard's net cash. When the transaction closes, Microsoft will become the world's third-largest gaming company by revenue, behind Tencent and Sony. The planned acquisition includes iconic franchises from the Activision, Blizzard and King studios like

"Warcraft," "Diablo," "Overwatch," "Call of Duty" and "Candy Crush," in addition to global eSports activities through Major League Gaming. The company has studios around the word with nearly 10,000 employees.

Bobby Kotick will continue to serve as CEO of Activision Blizzard, and he and his team will maintain their focus on driving efforts to further strengthen the company's culture and accelerate business growth. Once the deal closes, the Activision Blizzard business will report to Phil Spencer, CEO, Microsoft Gaming.

"Gaming is the most dynamic and exciting category in entertainment across all platforms today and will play a key role in the development of metaverse platforms," said Satya Nadella, chairman and CEO, Microsoft. "We're investing deeply in world-class content, community and the cloud to usher in a new era of gaming that puts players and creators first and makes gaming safe, inclusive and accessible to all."

"Players everywhere love Activision Blizzard games, and we believe the creative teams have their best work in front of them," said Phil Spencer, CEO, Microsoft Gaming. "Together we will build a future where people can play the games they want, virtually anywhere they want."

"For more than 30 years our incredibly talented teams have created some of the most successful games," said Bobby Kotick, CEO, Activision Blizzard. "The combination of Activision Blizzard's world-class talent and extraordinary franchises with Microsoft's technology, distribution, access to talent, ambitious vision, and shared commitment to gaming and inclusion will help ensure our continued success in an increasingly competitive industry."

Mobile is the largest segment in gaming, with nearly 95% of all players globally enjoying games on mobile. Through great teams and great technology, Microsoft and Activision Blizzard will empower players to enjoy the most-immersive franchises, like "Halo" and "Warcraft," virtually anywhere they want. And with games like "Candy Crush," Activision Blizzard´s mobile business represents a significant presence and opportunity for Microsoft in this fast-growing segment.

The acquisition also bolsters Microsoft's Game Pass portfolio with plans to launch Activision Blizzard games into Game Pass, which has reached a new milestone of over 25 million subscribers. With Activision Blizzard's nearly 400 million monthly active players in 190 countries and three billion-dollar franchises, this acquisition will make Game Pass one of the most compelling and diverse lineups of gaming content in the industry. Upon close, Microsoft will have 30 internal game development studios, along with additional publishing and esports production capabilities.

The transaction is subject to customary closing conditions and completion of regulatory review and Activision Blizzard's shareholder approval. The deal is

expected to close in fiscal year 2023 and will be accretive to non-GAAP earnings per share upon close. The transaction has been approved by the boards of directors of both Microsoft and Activision Blizzard.

**Advisors**

Goldman Sachs & Co. LLC is serving as financial advisor to Microsoft and Simpson Thacher & Bartlett LLP is serving as legal counsel. Allen & Company LLC is acting as financial advisor to Activision Blizzard and Skadden, Arps, Slate, Meagher & Flom LLP is serving as legal counsel.

25. On February 18, 2022, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

## Financial Projections

26. The Proxy fails to disclose material information regarding Activision's financial projections, specifically: (i) the line items underlying the financial projections; and (ii) the assumptions underlying the financial projections.

## Financial Analyses

27. The Proxy fails to disclose material information regarding the financial analyses conducted by Allen & Company LLC ("Allen").

28. Regarding Allen's Selected Public Companies Analysis, the Proxy fails to disclose the individual multiples for the companies utilized by Allen.

29. Regarding Allen's Selected Precedent Transactions Analysis, the Proxy fails to disclose the individual multiples for the transactions utilized by Allen.

30. Regarding Allen's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values utilized by Allen; and (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by Allen.

31. Regarding Allen's analysis of price targets, the Proxy fails to disclose: (i) the price targets utilized by Allen; and (ii) the sources of the price targets utilized by Allen.

## COUNT I

**Claim Against the Individual Defendants and Activision for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

32.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

33.     The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

34.     Activision is liable as the issuer of these statements.

35.     The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

36.     The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

37.     The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

38.     A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

39.     The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

40.     Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

41. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

42. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of Activision within the meaning of Section 20(a) of the Exchange Act as alleged herein.

44. Due to their positions as officers and/or directors of Activision and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

47. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

48. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

49. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

50. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

51. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:  March 8, 2022                                    **GRABAR LAW OFFICE**

                                                            By: _/s/ Joshua H. Grabar_
                                                                 Joshua H. Grabar (#82525)
                                                                  One Liberty Place
                                                                  1650 Market Street, Suite 3600
                                                                 Philadelphia, PA 19103
                                                                 267-507-6085
                                                                 jgrabar@grabarlaw.com

                                                                 *Counsel for Plaintiff*